**Anthony E. Contreras, Esq., SBN: 171699**
1800 N. Bush St., Suite 101
Santa Ana, CA 92706
Phone: (714) 542-9900
Fax: (714) 542-9922
E-mail: contreras4law@yahoo.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUBEN PAUL GONZALES,**<br><br>Plaintiff,<br><br>vs.<br><br>**RED ROBIN GOURMET BURGERS, a business entity, RED ROBIN INTERNATIONAL INC., and THE IRVINE COMPANY, owners of premises,**<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT; CALIFORNIA UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; GENERAL NEGLIGENCE** |

Plaintiff, Ruben Paul Gonzales (Plaintiff) complains of Defendants, Red Robin Gourment Burgers, a business entity, Red Robin International Inc., and The Irvine Company, owners of the premises, and alleges:

1. Plaintiff is a California resident with physical disabilities. He was born with Renal Kidney Disease, suffers from Spinal Stenosis and Scoliosis as a result of an accident to his back resulting in extreme difficulty walking.. He utilizes a wheelchair for mobility. Plaintiff has a Disabled Person Parking placard, issued by the state of California.

1

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

2. Defendants are, or were at the time of the incident, the real property owners, business operators, lessors, and/or lessees of Red Robin Gourmet Burgers, a business located at 83 Fortune Drive #201, Irvine, CA 92618.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in the district. The property address is stated in Paragraph 2.

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## FACTUAL ALLEGATIONS:

7. Plaintiff went to Angelo's Burgers on or about October 2015 to purchase a meal. Plaintiff was prevented from using the restroom facilities in violation of the American with Disabilities Act Accessibility Guidelines (ADAAG). Plaintiff was unable to enjoy full and equal access to the Angelo's Burgers facilities, as he was entitled according to federal and state statutes.

8. The measurements of the bathroom were far too small. (See 2010 Standards for Public Accommodations and Commercial Facilities: Title III and ADAAG 4.13.5-4.13.6).

9. Plaintiff personally encountered violations that prevented him from full and equal access to the restroom facility at Red Robin Gourment Burgers. Plaintiff would like to patronize this establishment again but cannot do so until the defendants remove these barriers.

10. The defendants have failed to maintain in working and usable conditions those features required to provide ready access to persons with disabilities.

11. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v 7-11, 524 F.32 1034 (9th Cir. 2008)(holding that once a plaintiff encounters one barrier at a site he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I.   FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990** (On behalf of plaintiff against all defendants (42 U.S.C. § 12101, et seq.))

12. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

13. Defendants own, operate, lease or leases to a place of public accommodation. Under the Americans with Disabilities Act (ADA), it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

//

//

> b. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities… where such removal is readily

4

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defines by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix D.

c. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter. 42 U.S.C. § 12183(a)(i).

14. Defendants are persons or business entities that own, operate, or lease a place of public accommodation. Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier-free and complies with the Americans with Disabilities Act Accessibility Guidelines (ADAAG); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

**II.    SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants (Cal Civ. § 51-53))

15. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

16. Because Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. Civ. Code § 51(f), 52(a).

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

7. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, and embarrassment for the Plaintiff, the Defendants are also responsible for statutory damages, i.e., a civil penalty. Civ. Code § 51(f), 52(a).

### III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of plaintiff and against all defendants (Cal Civ. § 54-54.8))

18. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

19. Because Defendants violated the plaintiff's rights under the ADA, they also violated the California Disabled Persons Act and are liable for damages. Civ. Code § 51(f), 52(a).

20. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort, and embarrassment for the Plaintiff, the Defendants are also responsible for statutory damages, i.e., a civil penalty. Civ. Code § 55.56(a)-(c).

### IV. FOURTH CAUSE OF ACTION: NEGLIGENCE (On behalf of plaintiff and against all defendants)

21. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

22. Defendants have a general duty and a duty of due care to the disabled plaintiff, arising under the ADA and Unruh Civil Rights Act and California Disabled Persons Act, to provide safe, convenient, and accessible facilities to the disabled plaintiff. Their negligent violation of this duty, as alleged in the preceding paragraphs of this complaint, notably Paragraphs 1 through 15, has caused inconvenience, injury and damage as alleged, in the amount of at

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

least minimal amounts of damages allowed by applicable statutes, the exact amount to be determined at the trial.

//

//

//

7

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**PRAYER:**

Plaintiff prays that this court award damages and provide relief against all named defendants, jointly and severally, as follows:

1. For mandatory injunctive relief, compelling defendants to comply with the Americans with Disability Act and the California Unruh Civil Rights Act, while not seeking injunctive relief under the California Disabled Persons Act.

2. For damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act where applicable which damages provide for actual damages and a statutory minimum of $4,000, per California Unruh Civil Rights Act or alternatively per California Disabled Persons Act. If the plaintiff cannot recover under both Unruh and DPA, simultaneously, an election will be made prior to or at trial, at an appropriate stage in these legal proceedings.

3. For damages for general negligence, in the amount of at least minimal amounts of damages allowed by applicable statutes, $4000, the exact amount to be determined at trial.

4. For reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

5. For such other and further relief as the court deems just and proper.

Dated: _____, 2015

_____
Anthony E. Contreras, Esq.
Attorney for Plaintiff

8

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**